F I L E D
United States Court of Appeals
Tenth Circuit

August 14, 2007

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RALPH MERCADO,

Plaintiff-Appellant,

v.

R. WILEY; R. WOOD; M. BARBEE;
R. BAUER; CHUCK TURNER;
MARK MASER; John Doe #1; J.
WADAS; H. TRAPP; R. CURRIN;
RALPH SMITH; HARRELL WATTS;
JOHN OR JANE DOE # 2,

Defendants-Appellees.

No. 07-1112

District of Colorado

(D.C. No. 06-CV-02303-ZLW)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **EBEL**, and **McCONNELL**, Circuit Judges.

Ralph Mercado, a prisoner at the United States Penitentiary in Florence,

Colorado, appeals *pro se* the district court's decision to dismiss his claim without

prejudice for failing to meet the fee requirements of 28 U.S.C. § 1915.

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination
of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is
therefore submitted without oral argument. This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Mercado alleges that he was the victim of various civil rights violations at ADX Florence, in violation of *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). He claims that the prison subjected him to harmful chemical vapors and failed to respond to his resulting medical complications, in violation of his constitutional rights.

Mr. Mercado first filed a claim in this case on November 15, 2005, which was dismissed without prejudice for failure to exhaust administrative remedies. *Mercado v. Wiley*, 200 F. App'x 765 (10th Cir. 2006). He re-filed the complaint one year later. At the same time, Mr. Mercado filed, and the district court granted, a motion to proceed without prepayment of costs, pursuant to 28 U.S.C. § 1915.

On November 16, 2006, the district court found Mr. Mercado capable of paying an initial $80 partial filing fee and ordered either payment or proof that the plaintiff had no assets and was unable to pay. Mr. Mercado filed a motion arguing that his proper payment amount should be only $13.28. On February 16, 2007, the district court dismissed the case without prejudice and dismissed a motion to appoint counsel as moot. Mr. Mercado now appeals the district court's decision.

Under 28 U.S.C. § 1915(b)(1), the initial partial filing fee for a prisoner proceeding in forma pauperis is 20% of the greater of the average monthly deposit to his account or the average monthly balance in his account for the six-month

period preceding the filing of the complaint. In his initial IFP motion, Mr. Mercado submitted a certified statement of his prison trust account, the accuracy of which was accepted by the district court. According to that statement, Mr. Mercado's average monthly deposit was $66.67, and his average daily balance was $26.60.[1] Mr. Mercado should have been assessed a fee of $13.33, which is twenty percent of the greater of those two numbers. The district instead imposed a filing fee of $80, presumably by calculating the amount based on the six-month deposit total of $400 instead of the monthly deposit total of $66.67.

In his petition and briefs to this Court, Mr. Mercado also argues that he was assessed an initial filing fee for his November 2005 complaint and should not have to pay it again, relying on *Owens v. Keeling*, 461 F.3d 763, 773 (6th Cir. 2006):

> A prisoner who "refile[s]" a complaint alleging the same claims regarding prison conditions after it was initially dismissed without prejudice for failure to exhaust is not "instituting" a suit, but is merely following the particular procedure chosen by this court for curing the initial complaint's deficiency. Therefore, we hold that when a prisoner "refiles" a complaint raising the same prison-conditions claims as a complaint that was initially dismissed without prejudice for failure to exhaust under the PLRA, the prisoner need not pay an additional filing fee under 28 U.S.C. § 1914(a).

*Id.* at 773 (internal citations omitted). Because Mr. Mercado did not make this argument in district court, and because we must remand in consideration of the improperly calculated filing fees, we decline to examine the merits of this issue

---

[1] It is not clear from the record what Mr. Mercado's average monthly balance would be.

for the first time on appeal. *Lyons v. Jefferson Bank & Trust*, 994 F.2d 716, 720 (10th Cir. 1993).

Under the same logic, the Appellant also moves to waive his appellate filing fees, noting that he was assessed fees when appealing the earlier dismissal in the same case. Adhering to our established practice, we deny this motion.

The judgment of the United States District Court for the District of Colorado is **REVERSED** and **REMANDED** for further proceedings.

Entered for the Court,

Michael W. McConnell
Circuit Judge